Good morning, your honors. If the court please, I'm William Osterhout. I appear on behalf of the petitioner in this case. He was convicted in 2001 of these serious offenses and since then has been consistently claiming that he was denied the right to a jury trial, to confrontation, and to the effective assistance of counsel. He's made those claims in the district court level by way of the, pardon me, superior court in new trial motions on direct appeal and by way of a writ of habeas corpus in the superior court. And these have been rejected, but he has never been afforded an evidentiary hearing at which counsel, whose actions he's complained about, has been required to respond to any of the allegations that have been made. We're really here on Edpa Review, aren't we? I'm sorry, Leonard? We're here on Edpa Review? Yes, yes. And this was a bench trial in the California court? Yes, it was. Reading the transcript, what more did the district court need to do in order to suggest that your client did not knowingly, voluntarily waive his right to a jury trial? I've never seen a transcript which better laid out that the plaintiff knew or that your client knew what he was getting into, questioned by his attorney, participated in the extensive discussions on the pros and cons of a jury trial. It seemed to me he well understood his right and his decision to have one. His counsel talked about the benefit of not having one, and he was asked by the judge, and he waived. I guess I'm trying to figure out, what's the old trial judge, which I was at one time, got to do more than this one did? Not nothing, Your Honor, and that waiver would be effective on its face. But in his pleadings and his affidavit filed originally and maintained, the appellant has undermined the validity of the waiver by alleging. So all he's saying is that he didn't waive it because he thought his lawyer ought to do something differently than he did. Well, not quite. He said that he waived it because it came up first on the morning of trial when the jury was already assembled. And as they got ready to bring the jury, the lawyer told him, you can't have a jury trial because if you bring the child witnesses in, they'll hate you. The jury will hate you. You've got to get rid of the jury. He acquiesced in that, and there was a waiver. But then almost immediately thereafter, the counsel undermined that by waiving confrontation, by waiving and by allowing police reports to come in. Just a minute. I guess I'm now coming to confrontation since you're there. You know, the right to confront witnesses, especially children witnesses, is a tactical question, certainly one that old trial judges have to face all the time, at least I did. I guess I'm trying to figure out what did the trial court need to do in that instance that it didn't do in order to put effectively on the record that this defendant knew what was going on here and was waiving it? I mean, the trial court made him go through questioning, made him go through that this defendant knew what was going to go on. What more should he have been asked? Well, I think the trial court could have done more things in connection with the waiver. Why? Well, the waiver was even made with the defendant's participation until the last day of trial. The trial was effectively concluded by then. That's our position. But nonetheless. But the evidence had come in. The defendant had testified. The witness's statements had come in without objection by stipulation. At that point, almost as an afterthought in the record, as I read that record, the attorney said, oh, Judge, let's bring the defendant into this. We've already done. And he led him through a bunch of leading questions. And the guy was mumbling yes. Now, in his declaration, the petitioner says that that was only raised immediately before it occurred. He argued with the lawyer. The lawyer said, we're not going to bring the people, because he kept saying, when are we going to examine the witnesses? They're not coming. And if you cause a mistrial, I'll charge you for another fee. Well, the only thing you'd have the court do is do that prior to doing something. But the fact that it happened later in the trial, it's ineffective. It's an enormous difference, I think. Yes, Your Honor. An enormous difference. Have you got a case for that? No. I didn't find one, either. That's what I wondered. No, you're quite right. I didn't. But I don't think it's a very common occurrence, either. Maybe Your Honor's experience is different. Well, with child witnesses, it's not uncommon not to have child witnesses come and testify, rather to waive their testimony. I understand that. That's a normal. And that can be a good tactic. Yes. I agree with you. However, in this situation Why was it not? Why was it not a good tactic here? Well, the reasons that Mr. Bert and Mr. Cass, who are pretty eminent experts, have opined in their declarations. In this trial, it wasn't a good tactic because there were things in the transcripts of the grand jury and in the police interviews that should not have been put in evidence, could not have come in if they were directly testifying. Questions were extremely leading. It wasn't possible to inquire effectively about the possibility of adult influence. One child was eight and the other was five. There wasn't enough opportunity to do that through transcript. And counsel underlined that himself when he sought to argue that the witnesses were unreliable. Well, then that's a reason to have a trial and a contested trial. Well, but I've seen them argue the witnesses are unreliable when they don't bring the witnesses. It's a lot easier to do that when the child witnesses have not been there. Well, I think it's. I mean, if the child witnesses are there and give the testimony in front of the jury, there's a lot of. . . I've seen it happen. There's a lot of prejudice to the defendant can come because they're kids. You let the counsel come up and talk to them like they were talking to kids. You don't make them sit back there at their desk and go through the questioning. And even though the testimony comes in, there's a lot of. . . You can go right after the testimony. So I'm having still a tough time. I understand, Your Honor. But as Mr. Burke, I think, eloquently put out in his declaration, there's a lot of literature on how lawyers do this, examine child witnesses. The fact that it's difficult and dangerous doesn't mean that it can't be done or shouldn't be done under proper circumstances. Here, this is the only evidence of the most serious charges the petitioner was convicted of. He admitted a responsibility for all kinds of inappropriate conduct, and he should. But he contended and he even brought an expert to try to establish that he did not conduct the sexual assault charges. He wasn't guilty of those. Now, the best way to prove that would be by examining the two victims themselves. And that's what he wanted to do, and his lawyer didn't tell him until the 11th hour that he wasn't going to do it, and then put this tardy admonition into the record. Do you believe that B's statements would have been admitted anyway as a past recollection recorded? Well, that's what the district judge thought, and they might have, but we don't know that. We can't assume that. Well, but I'm suggesting, you're here arguing it. It seemed to me that the district court was correct. He would have admitted them anyway as a past recollection recorded. Well, I don't think he was correct, Your Honor, because without a foundation being laid in court, we can't assume. It's assumption. It's an assumption and speculative to say that that would have been admitted. It doesn't seem too speculative when the district court who is conducting the trial said it would have come in anyway. Well, the — I mean, he would take the district court at his word. But the district court didn't see the child witness. I mean, the superior court. The district court didn't do any hearing, but the — I agree. The superior court could have, you know, had — if the witness had been before the superior court, yes. But that's what we're saying. It's all speculation. And it speculated away the entire trial as far as Fisher is concerned, because these are the contested issues. And when you — when the lawyer does that and he's getting opposition from the client, then I don't think it's a fair tactic and there should be a hearing, which is all we're saying. The counsel has never been required to refute any of these accusations, which are fairly serious. And that would be our contention. We'll give you 30 seconds — 45 seconds. Forty-five seconds. Thank you very much, Your Honor. Thank you. May it please the Court. My name is Pam Critchfield, representing Respondent. Appellant Tenor has failed to demonstrate that the State Court's rejection of any of his claims was an objectively unreasonable application of United States Supreme Court authority. We are here under the AEDPA deferential review. He does argue that he should be granted an evidentiary hearing in the district court and that the district court erred in denying his petition. But he fails to answer the question about the — whether or not the State Court unreasonably applied the facts — the law to the facts in this decision. And we submit that he cannot meet that standard. And I would like to respond to one point. After the trial, appellant hired a new attorney and filed a new trial motion, and the same judge who had heard the trial heard the new trial motion and heard appellant's views about how he was informed about the confrontation — the things — all the statements that are in appellant's declaration, if you read the new trial motion hearing. The superior court judge rejected that testimony. Impliedly, he rejected it in a — didn't give his reasons, but implied in that is that he didn't find appellant credible. So at this point, there — not only has appellant failed to show that there's an unreasonable application of the facts, but he has been given a hearing, and it's been — the statements that he brings now were rejected by the State Court. If there are no further questions, I would submit it. Thank you. Court, please. In Chisholm v. Hunter, this Court held that an apparently valid jury waiver could be undermined by the circumstances under which it was given. Our argument is that there's a foundation here for that finding. In Earp v. Horinsky, the Court — this Court held that if there's contested issues, that there's a right to an evidentiary hearing and that in this circumstances, I think there's a basis upon which the matter should be remanded to the district court for that purpose. Thank you. Thank you. Thank you very much. The case just argued is submitted for decision.
judges: Moody, Schroeder, Smith N. R.